# EXHIBIT A

6/25/2016 12:06:57 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11336616
By: Bonnie Lugo
Filed: 6/27/2016 12:00:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **CESAR CAYCHO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| vs. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GREAT AMERICAN INSURANCE** | § | |
| **COMPANY** | § | _____ **JUDICIAL DISTRICT COURT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **CESAR CAYCHO**, Plaintiff, and files this Original Petition complaining of **GREAT AMERICAN INSURANCE COMPANY**, Defendant, and respectfully shows the Court as follows:

## DISCOVERY PLAN

1. Discovery is intended to be conducted under Level 3 of Texas Rules of Civil Procedure 190.

## PARTIES

2. Plaintiff **CESAR CAYCHO** is a resident of Houston, Texas.

3. Defendant **GREAT AMERICAN INSURANCE COMPANY** is a corporation formed and operating under the laws of Ohio who at all relevant times was doing business in the State of Texas. It may be served process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## VENUE AND JURISDICTION

4. Venue of this action is proper in Harris County, Texas under the provisions of §15.002 Texas Civil Practice & Remedies Code because the actions made the basis of this lawsuit occurred in Harris County, Texas, Plaintiff's injuries occurred in Harris County, and because the underlying agreements were executed in Harris County, Texas.

5. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief, the maximum of which is over $100,000.00 but not more than $200,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## STATEMENT OF FACTS

6. Plaintiff, while employed as a truck driver for United Vision Logistics, was injured on September 1, 2013. As a result of the incident, he then filed a claim with Defendant. As a result of the incident, Plaintiff sustained injuries to his back, neck, right knee, right shoulder and his right eye. As part of the claim investigation performed by Defendant, Plaintiff provided a recorded statement during which he identified all of his underlying injuries.

7. Plaintiff subsequently received treatment and underwent surgeries on his knee and shoulder. However, and despite subsequent treatment, he continued to experience pain as a direct result of his injuries. In the meantime, Plaintiff's claim was accepted by Defendant and pursuant to the underlying policy in question, Plaintiff began to receive monthly disability payments. However, and as a direct result of the severity of his injuries, Plaintiff was not able to return to work and has not been able to do so to this day.

8. As defined in the policy, "Temporary Total Disability and Temporarily Totally Disabled" means a disability that 1) prevents an Insured Person, such as Plaintiff, from performing the duties of his regular, primary occupation, and 2) requires and results in the Insured Person's receiving Continuous Care. Pursuant to the terms of the policy, Plaintiff was entitled to receive

twenty-four (24) months of payments. However, and despite meeting the definition set forth in the Policy, Defendant stopped paying Plaintiff before the required length set out in the policy.

9.      Pursuant to the terms of the policy, Plaintiff sent a formal appeal letter for the denial of the claims. Plaintiff then provided additional medical documentation clearly indicating and establishing is continued disability. On May 18, 2015, Defendant provided Plaintiff with a denial letter concerning Plaintiff's appeal. However, after that date, on June 11, 2015, Plaintiff submitted another appeal of Defendant's denial, which appeal was accepted by Defendant. This letter was then followed up with another letter on July 17, 2015 which included a flash drive containing Plaintiff's medical records from the Harris County Hospital District where Plaintiff was receiving treatment for the very same injuries on which his initial claim was based.

10.     Defendant responded to Plaintiff's July 17, 2015 letter with a September 15, 2015 letter once again confirming its decision not to re-open Plaintiff's claim, essentially denying Plaintiff's last appeal. As Plaintiff was still experiencing the painful result of his injuries made the basis of his claim, on February 11, 2016, Plaintiff submitted a report from his treating physician which stated that plaintiff was "still experiencing pain and issues with both his right knee and right shoulder, two injuries that formed the basis of his initial injury report. Mr. Caycho continues to suffer from significant pain levels because of these injuries. Additionally, he also continues to suffer from cervical pain, another complaint that was present in his initial claim." This letter was responded to by Defendant in a March 31, 2016 telephone call between Defendant's adjuster and Plaintiff's counsel wherein Defendant disputed the nature of Plaintiff's injuries and claim and for all intents and purposes, finally denied Plaintiff's appeals. However, this denial was never followed up with a written denial. Plaintiff is left with no choice but to bring this lawsuit to preserve and protect his rights.

## CAUSES OF ACTION

### Breach of Contract

11.     Plaintiff incorporates by reference the factual statements set forth in paragraphs 1 through 109 above.

12.     The insurance policy constituted a contract between the parties that represented the terms and conditions under which each party was to perform.  Defendant did not fully and completely pay Plaintiff's claims despite the fact that Plaintiff's injuries were covered by the policy in question and were continuing in nature. At all times prior to the breach of the agreement between the parties, Plaintiff diligently and faithfully performed all of the duties and responsibilities that were required under the agreement with Defendant. The foregoing acts and omissions by Defendant constitute a breach of those agreements.

13.     As a direct and proximate result of said breach of the agreement, Plaintiff has been severely damaged within the jurisdictional limits of this Court.

### Breach of the Duty of Good Faith and Fair Dealing

14.     Plaintiff hereby incorporates by reference the factual statements set forth in paragraphs 1 through 13 above.

15.      Defendant had a duty at all times to act in good faith and deal fairly with Plaintiff. Although Defendant received all requested documentation from Plaintiff regarding Plaintiff's claims and despite the fact that Plaintiff's injuries were always the same as those disclosed to Defendant, Defendant has unreasonably refused to pay Plaintiff's claim. Defendant lacks a reasonable legal basis for its refusal to pay Plaintiff's claim.

16.     By its conduct outlined above, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claim without any reasonable basis and by failing

to conduct a reasonable investigation to determine whether there was a reasonable basis for denial. Defendant's breach exhibited conscious indifference to Plaintiff's rights and welfare, and its conduct has been a producing and proximate cause of actual damages to Plaintiff.

17. Defendant acted intentionally to avoid paying the amounts necessary to compensate Plaintiff for his injuries as required by the policy in question.

18. Defendant's actions were intentional and made with knowing disregard for the rights of the Plaintiff. Consequently, Plaintiff prays for punitive damages in addition to compensatory damages.

**Promissory Estoppel**

19. Plaintiff incorporates by reference the factual statements set forth in Paragraphs 1 through 18 above.

20. Defendant is estopped from asserting that Plaintiff is barred from seeking relief by way of this lawsuit for failing to exhaust his administrative remedies set forth in the applicable policy. Plaintiff made the good faith effort required to appeal Defendant's denial of benefits and provided Defendant ample and sufficient time and opportunity to respond to the appeal requests. Defendant has wholly failed to do so and its actions preclude it from asserting any defense alleging that Plaintiff failed to take the necessary and required actions prior to filing this lawsuit.

21. By reason of the foregoing, Plaintiff is entitled to recover from Defendant actual damages with interest thereon, in an amount to be proven at trial.  The actions of Defendant were done intentionally and with knowing disregard for the rights of the Plaintiff.  Consequently, Plaintiff prays for punitive damages to be assessed against Defendant by the jury to deter similar conduct in the future.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICE AND THE PROMPT PAYMENT OF CLAIMS

22. Plaintiff incorporates herein by reference the factual statements set forth in paragraphs 1 through 21 above.

23. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. All violations under this article are made actionable by Texas Insurance Code. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of completion and an unfair and deceptive act or practice in the business of insurance.

24. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

25. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

26. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

27. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Texas Insurance Code, Section 542.060.

28. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.

## ATTORNEY'S FEES

29. Defendant's conduct, as described in this Petition has necessitated the employment by Plaintiff of the undersigned attorney, and the agreement by Plaintiff to pay the attorney a reasonable fee, and reimburse his expenses in seeking the completion of the settlement agreement. Pursuant to the Civil Practices and Remedies Code, §38.002, Plaintiff is entitled to recover reasonable attorney's fees. Plaintiff is additionally entitled to recover from Defendant an additional sum to compensate Plaintiff for his attorney's fees in the preparation and prosecution of this action, as well as a reasonable fee for appeals to all other courts. In the event of one or more appeals by one or more Defendant, additional reasonable attorney's fees will be incurred.

## REQUESTS FOR DISCLOSURE

30. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l).

## JURY DEMAND

31. Plaintiff hereby demands that this matter be tried to a jury and hereby submits the required fee associated with this demand.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **CESAR CAYCHO** requests:

    (1) judgment against Defendant **GREAT AMERICAN INSURANCE COMPANY** for Plaintiff's actual damages;

    (2) punitive damages in an amount to be assessed by the jury at the time of trial;

(3) pre-judgment and post-judgment interest at the maximum allowable rates as provided by law;

(4) costs of court;

(5) reasonable attorney's fees both for trial and/or appeal and expenses; and

(6) any and other further relief, at law or in equity, to which Plaintiff may be justly entitled.

    Respectfully submitted,
**LAW OFFICES OF KEVIN R. MICHAELS, P.C.**

By:   */s/ Kevin R. Michaels*
    Kevin R. Michaels
    State Bar No.: 00784598
    888 W. Sam Houston Pkwy. S., Suite 226
    Houston, Texas 77042
    Telephone: 281-496-9889
    Facsimile: 281-496-4211
    kmichaels@michaelslaw.net

**ATTORNEY FOR PLAINTIFF**